**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLSTATE INDEMNITY COMPANY,

              PLAINTIFFS,

v.

CHARLES AND DELORIS MARCY, THE
ESTATE OF DOROTHY SMITH MARCY,
DENZEL SMITH, INDIVIDUALLY AND
AS A PERSONAL REPRESENTATIVE OF
THE ESTATE OF DOROTHY MARIE
SMITH-MARCY AND D.M.

              DEFENDANTS.

_____/

Case No. 22-12363

Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DENYING**
**DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT, AND**
**GRANTING DEFENDANT'S MOTION FOR EXTENSION TO RESPOND TO**
**PLAINTIFF'S SUMMARY JUDGMENT MOTION AND REQUEST TO EXTEND**
**DISCOVERY**

This is an insurance liability case. Plaintiff Allstate Indemnity Company ("Allstate") filed

this action against Charles Marcy, Deloris Marcy, the Estate of Dorothy Smith-Marcy, Denzel

Smith, Individually and as Personal Representative of the Estate of Dorothy Marie Smith-Marcy

("the Estate"), and D.M. pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 alleging it has no

duty to defend or indemnify Defendants. (ECF No. 1).

After obtaining a Clerk's Entry of Default as to Charles Marcy, Allstate filed its present

Motion for Entry of Default Judgment against Defendant Charles Marcy. (ECF No. 29). Charles

Marcy has not responded to the motion. Also, following the entry of default judgment against

Defendant Deloris Marcy, the Estate filed its present Motion to Set Aside Default and for Relief

from Judgment Pursuant to Rule 60(b). (ECF No. 34). Allstate filed its response to that motion on May 22, 2023. (ECF No. 39). The Estate did not file a reply to Allstate's response.

A hearing and scheduling conference was held on June 15, 2023, at 3:00 P.M. At that hearing, Defendant Charles Marcy appeared for the first time in these proceedings, without an attorney. Due to Charles Marcy's appearance, the Court ordered a continuation of the motion hearing to allow Charles Marcy time to find an attorney. The Court held the continued motion hearing on July 20, 2023, at 2:30 P.M., at which Charles Marcy failed to appear. Due to Charles Marcy's failure to appear at that hearing, the Court once again ordered a continuation of the motion hearing for August 31, 2023, at 4:00 P.M. Again, Charles Marcy did not appear or file an answer in this case.

Finally, on August 7, 2023, the Estate also filed a Motion for Extension to Respond to Plaintiff's Summary Judgment Motion and Request to Extend Discovery. (ECF No. 47).

The Court held a hearing on these motions on August 31, 2023, at 9:30 A.M.

For the reasons explained below the Court will: **GRANT** Allstate's Motion for Default Judgment against Defendant Charles Marcy; **DENY** the Estate's Motion to Set Aside Default and for Relief from Judgment Pursuant to Rule 60(b); and **GRANT** the Estate's Motion for Extension to Respond to Plaintiff's Summary Judgment Motion and Request to Extend Discovery.

## ANALYSIS

### I.    Allstate's Motion for Default Judgment

Pursuant to Fed. R. Civ. P. 55(b), a default judgment may be entered against a defendant who has failed to plead or otherwise defend against an action.  Once a default has been entered by the Clerk's Office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted.  *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *See also*

2

*Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).  Pursuant to Fed. R. Civ. P. 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, however, Allstate does not seek any money damages and instead only requests an order/default judgment that precludes Charles Marcy from challenging the findings of the Court as to Allstate's duties in this action.  (ECF No. 29, PageID.195).

In this case, Allstate properly served Defendant Charles Marcy, but he has failed to appear in this action aside from the hearing he appeared at without counsel on June 15, 2023. The Court thus grants Allstate's request for an order for default judgment that precludes Charles Marcy from challenging the Court's findings in this matter. *See Citizens Ins. Co. of the Midwest v. Meek*, No. CV 18-10988, 2018 WL 4927175, at *2 (E.D. Mich. Oct. 11, 2018). This grant applies only as a recognition that Charles Marcy may no longer contest the allegations against him. *Id.* This judgment may not, however, be deemed an admission of a lack of coverage for any other parties. *Id.* (citing *Allstate Ins. Co. v. Hayes*, 442 Mich. 56, 65 (1993)).

## II.    The Estate's Motion to Set Aside Default Judgment of Deloris Marcy

The Estate also filed a Motion to set aside the Default Judgment as to Defendant Deloris Marcy under Fed. R. Civ. P. 60(b). (ECF No. 34). The issue here, however, is that it is not the defaulted party who has motioned to set aside and for relief from the default judgment against defendant Deloris Marcy. Rather, another co-defendant, the Estate, has made the motion. (ECF No. 34). The Court must therefore determine whether the Estate has standing to bring this motion. "Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues." *Muslim Cmty. Ass'n of Ann Arbor v. Ashcroft*, 459 F. Supp. 2d 592, 597 (E.D. Mich. 2006) (citing *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir.1987). "The general rule is that one must either be a party or a party's

legal representative in order to have standing to bring any Rule 60(b) motion." *Bridgeport Music v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013) (citations omitted).

The Sixth Circuit has recognized several exceptions to this general rule. Exceptions include if the non-defaulting party: (1) demonstrates privity; (2) raises a claim of fraud on the court; or (3) shows their interests were directly or strongly affected by the judgment. *Flagstar Bank, FSB v. S. Star Cap., LLC*, No. 13-10290, 2013 WL 5719176, at *4 (E.D. Mich. Oct. 21, 2013) (citing *Bridgeport*, 714 F.3d at 940–41). Thus, to determine whether the Estate has standing in its Motion to Set Aside Default and for Relief from Judgment depends on whether its claims fall within one of these exceptions.

The Court ordered Supplemental Briefing on the issue of standing. (ECF No. 40). Both parties responded. (ECF No. 41 and 42).

The Estate argues the default judgment should be set aside for two reasons. First, the Estate argues service of Deloris Marcy was improper, meaning the default judgment should not have been entered. (ECF No. 34, PageID.238). Second, the Estate argues that Deloris Marcy's death made entry of default judgment improper. (*Id.* at PageID.240). Both arguments fail to fall within these exceptions.

First, counter to the Estate's claim, Deloris Marcy was in fact properly served. Following several failed attempts at personally serving Deloris Marcy (ECF No. 12), Allstate petitioned the Court for alternate service, which was granted. (ECF No. 14). The Estate did not object to that motion. Deloris Marcy was then properly served via tacking at her residence[1] on December 22, 2022. (ECF No. 16). The Estate argues that Allstate "did nothing more to follow up and find" Deloris Marcy but provides no support for what "more" was required. (ECF No. 34, PageID.238).

---

[1] This was the same residence where her husband, Charles Marcy, accepted service. (ECF No. 5).

4

Absent any information to the contrary, this Court should maintain that service of Deloris Marcy was proper. Thus, there was no fraud on the court, and no claim of privity or strongly affected interests by the Estate. This first argument fails to fall within the exceptions.

Second, Deloris Marcy's death had no impact on the proceedings. These proceedings began on October 4, 2022. (ECF No. 1). Deloris Marcy was properly served on December 22, 2022. (ECF No. 16). Her response was due on January 12, 2023. *See* Fed. R. Civ. P. 12.  The Clerk's entry of default was January 19, 2023. (ECF No. 20). Deloris Marcy's death did not occur until February 6, 2023. (ECF No. 39, PageID.312). The Estate cites no relevant case law to support its assertion that Deloris Marcy's death made default judgment improper. Both cases cited by the Estate, are irrelevant, non-binding cases in which the defendant's death *preceded* the filing of the case. That is not the case here.

The Estate also claims that all proceedings *after* Deloris Marcy's death required a personal representative to be valid under Mich. Ct. R. 5.102.[2] The Rule requires notice "for all matters requiring notification of interested persons." *Id*. However, it is unclear why the Estate believes this rule applies to these proceedings since Deloris Marcy was properly served while she was alive, making the Michigan Probate Code inapplicable to this case. Further, the Court was informed of and aware of Deloris Marcy's death at the time of the entry of default. Thus, there was no fraud on the Court, and the Estate makes no claim of privity or strongly affected interests here. This second argument also fails to fall within the exceptions.

Finally, while the Estate does not explicitly make this argument, the Estate's primary concern appears to be the mistaken belief that the granting of default judgments against the Marcys

---

[2] The Estate cites "Michigan Probate Code Rule 5.102" with the language "for all matters requiring notification of interested Parties. No such Code exists. The Estate appears to refer to The Probate Chapter (Chapter 5) of the Michigan Court Rules, where the language can be found.

would preclude it from recovering under the Marcy's Allstate policy. Such a claim *could* fall under the third exception of interests being directly or strongly affected by the judgment. However, as the Michigan Supreme Court previously held, "…even where the dispute between an insurer and an insured has become moot by virtue of the insured's default or refusal to contest the coverage provisions, the actual controversy between the insurer and the *injured party* remains viable… The default judgment does not operate to bind the injured party." *Allstate Ins. Co. v. Hayes*, 442 Mich. 56, 73, 499 N.W.2d 743, 751 (1993) (emphasis added). This means the Estate, as the injured party, would *not* be directly or strongly affected by the judgment. Thus, even if the Estate had made such an argument, it would not be sufficient to fall within one of the exceptions.

The above arguments by the Estate fail to meet any of the exceptions to the general rule that one must either be a party or its legal representative to have standing to bring a Rule 60(b) motion.

The Estate therefore fails to meet any of the exceptions to the general rule that one must either be a party or its legal representative to have standing to bring a Rule 60(b) motion. Therefore, the Estate does not have standing to motion for this Court to set aside the default judgment of Deloris Marcy.

The Court therefore **DENIES** the Estate's Motion to Set Aside Default and for Relief from Judgment Pursuant to Rule 60(b).

### III.    The Estate's Motion to Extend Discovery

The Court hereby **GRANTS** the Estate's Motion for Extension to Respond to Plaintiff's Summary Judgment Motion and Request to Extend Discovery. Discovery is hereby extended by **sixty (60) days** to **October 30, 2023**. Plaintiff's Response to the Summary Judgment Motion is due **thirty (30) days** after close of discovery on **November 29, 2023**.

6

**CONCLUSION**

For the reasons stated above, the court: **GRANTS** Allstate's Motion for Default as to Defendant Charles Marcy; **DENIES** the Estate's Motion to Set Aside Default Judgment of Deloris Marcy; and **GRANTS** the Estate's Motion for Extension to Respond to Plaintiff's Summary Judgment Motion and Request to Extend Discovery. Discovery is hereby extended by **sixty (60) days** to **October 30, 2023**. Plaintiff's Response to the Summary Judgment Motion is due **thirty (30) days** after close of discovery on **November 29, 2023**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 14, 2023